# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **HIEU LY,** <br><br> Petitioner, <br> v. <br> JOSHUA JOHNSON in his official capacity as Warden of Adelanto Detention Facility, *et al.*, <br><br> Respondents. | **ORDER** <br><br> SA CV 26-00528-VBF-JDE <br><br> Temp. Restraining Order and Order to Show Cause Why Court Should Not Issue Prelim. Injunction |

The Court accepts the corrections made by petitioner in CM/ECF System Document ("Doc") 10, his Notice of Errata.

The Court finds that petitioner has shown a serious question going to the merits of his section 2241 habeas corpus claims, satisfying the first factor of the Ninth Circuit test for preliminary injunctive relief. As to the APA claim in particular, the Court agrees with petitioner that the Notification of Reasons for Revocation of release ("NORR") qualifies as final agency action reviewable under the APA because it meets the two criteria of *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). The NORR "is a written revocation signed by SDDO M. Medrano revoking Petitioner's OSUP [Order of Supervision] and resulting in his immediate detention", Doc 11-1 (Pet.'s Second TRO Reply) at 11. As such, the NORR was a consummation of the agency's decisionmaking process rather than a tentative or

interlocutory decision, and it was certainly a determination of rights or obligations from which legal consequences flow, *see id.* at 11-12 (persuasively distinguishing *Ton*).

The Court would also note that the respondents' brief opposing a TRO did not address the second, third, and fourth factors of the test for preliminary injunctive relief, which likewise favor the petitioner and issuance of a TRO.

## ORDER

**The application for a temporary restraining order [Doc #4] is GRANTED. Respondents SHALL IMMEDIATELY RELEASE Petitioner from detention. Pending further Order of the Court, respondents are enjoined from:**

– re-detaining Petitioner unless he receives the process required under 8 C.F.R. §§ 241.4(l)(1) and 241.13(i)(3) and the 5th Amendment Due Process Clause.
–` deporting Petitioner to any country as to which he has not received notice and for which he has not had an opportunity to seek protection relief.
– moving petitioner out of the Central District of California.

Petitioner shall not be required to give security. *See* Fed. R. Civ. P. 65 subsection c.

**No later than 11:59 p.m. on Thursday, March 19, 2026, the respondents MAY SHOW CAUSE, in writing, why a preliminary injunction should not issue consistent with the terms of this TRO.**

**No later than 11:59 p.m. on Sunday, March 22, 2026, petitioner MAY REPLY.**

The Court finds this matter suitable for resolution without oral argument.

IT IS SO ORDERED.

Dated: March 16, 2026

*Valerie Baker Fairbank*
Honorable Valerie Baker Fairbank
Senior United States District Judge